Filed 5/25/21  P. v. Garcia CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO GARCIA,<br><br>    Defendant and Appellant. | H047466<br>(Santa Clara County<br>Super. Ct. No. C1894274) |

Proposition 64, also known as the Control, Regulate and Tax Adult Use of Marijuana Act (the Act or Proposition 64), made various changes to California's regulation of marijuana.[1]  The Act generally permits adults (with certain exceptions) to engage in conduct that was previously criminal—including the use, possession, purchase, or cultivation of nonmedical marijuana.  The Act also created a statutory procedure, codified at Health and Safety Code section 11361.8,[2] which allows individuals currently serving a sentence for an offense subsequently decriminalized by Proposition 64 to request resentencing for or dismissal of the conviction.

---

[1] Proposition 64 was enacted in 2016.  In 2017, the Legislature changed references to marijuana in the Health and Safety Code to cannabis. (See *People v. Herrera* (2020) 52 Cal.App.5th 982, 987, fn. 2, review granted Oct. 14, 2020, S264339 (*Herrera*).)  In this opinion, we use the terms marijuana and cannabis interchangeably.

[2] Unspecified statutory references are to the Health and Safety Code.

Appellant Alejandro Garcia appeals from a trial court order denying his petition under section 11361.8 to dismiss his conviction for bringing a controlled substance into a prison or jail (Pen. Code, § 4573). For the reasons explained below, we conclude Garcia is not entitled to relief under section 11361.8 because he was convicted after Proposition 64 took effect. We therefore affirm the trial court's order.

## I. FACTS AND PROCEDURAL BACKGROUND

Garcia is serving a four-year prison sentence for possessing approximately one gram of marijuana in jail. On June 27, 2018, the Santa Clara County District Attorney filed a complaint charging Garcia with bringing a controlled substance into a prison or jail (Pen. Code, § 4573; count 1) and misdemeanor resisting, delaying, or obstructing an officer (Pen. Code, § 148, subd. (a)(1); count 2). The complaint also alleged that Garcia had one "strike" prior (Pen. Code, §§ 667, subds. (b)–(i) & 1170.12, subd. (c)(2)). On August 30, 2018, Garcia entered into a written plea agreement in which he agreed to plead guilty or no contest to count 1, in exchange for promises that he would receive four years in state prison and count 2 would be dismissed. That same day, he entered a plea of no contest to count 1. On September 28, 2018, consistent with the plea agreement, the trial court sentenced Garcia on count 1 to four years in state prison for the violation of Penal Code section 4573 and dismissed count 2.

On July 9, 2019, Garcia filed a petition for resentencing or dismissal under section 11361.8, arguing that his conviction qualified for dismissal under that provision as interpreted in *People v. Raybon* (2019) 36 Cal.App.5th 111, 119 (*Raybon*), review granted Aug. 21, 2019, S256978. The district attorney opposed Garcia's petition, contending that he did not qualify for relief under section 11361.8 On August 29, 2019, the trial court denied Garcia's petition, relying on the authority of *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), review den. June 12, 2019, S255148, which concluded Proposition 64 did not decriminalize possession of marijuana in jail or prison. (*Id*. at p. 891.) Garcia timely appealed the trial court's order.

## II. DISCUSSION

Proposition 64 took effect on November 9, 2016. (See *Perry*, *supra*, 32 Cal.App.5th at p. 888, review den.) Section 11361.8, subdivision (a), which was enacted as part of Proposition 64, provides "[a] person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act *had that act been in effect at the time of the offense* may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." (Italics added.)

As its plain text indicates, section 11361.8 applies only to individuals who were convicted of an offense prohibited by law at the time of the offense's commission, but who would not have been guilty of that offense (either because they were guilty of a lesser crime or not guilty at all) under the law as revised by Proposition 64. Therefore, one of the preconditions to recall or dismissal of the sentence under section 11361.8 is that Proposition 64 was *not* in effect when the defendant committed the offense.

Based on the text of section 11361.8, we decide that, as Proposition 64 was in effect when Garcia committed the offense he now challenges, he is ineligible for relief under that provision. The California Supreme Court reached a similar conclusion when examining the remedial provisions of Proposition 47. It held that Proposition 47's resentencing provisions do not apply to a defendant who had not been charged or sentenced prior to the proposition's effective date, regardless of when the alleged offense took place. (*People v. Lara* (2019) 6 Cal.5th 1128, 1135.)

Garcia asserts that he is nevertheless eligible for relief under section 11361.8 "based on the intended retroactivity of the statute and the change in application of the law as set forth in the published appellate opinion, [*Raybon*, *supra*, 36 Cal.App.5th 111,

3

review granted]." However, the retroactive application of a statute is irrelevant to a crime committed after the statute has gone into effect, and Garcia cites no authority holding that section 11361.8 relief is available for crimes committed after the effective date of Proposition 64. In any event, this court has disagreed with *Raybon* and concluded that " 'Proposition 64 did not decriminalize the possession of cannabis in a penal institution.' " (*People v. Taylor* (2021) 60 Cal.App.5th 115, 138, review granted Apr. 14, 2021, S267344); *Herrera*, *supra*, 52 Cal.App.5th 982, review granted.)

In short, Garcia is not eligible for resentencing under section 11361.8 because he committed his crime after Proposition 64's effective date. We therefore affirm the trial court's order denying his petition. We observe that, should the California Supreme Court decide that Proposition 64 decriminalized possession of 28.5 grams or less of marijuana or cannabis in prison or jail,[3] Garcia may seek relief pursuant to a petition for a writ of habeas corpus for having been convicted for conduct that is not criminal. (See *People v. Jerome* (1984) 160 Cal.App.3d 1087, 1095–1096 [" '[A] defendant is entitled to habeas corpus if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct.' "].)

## III. DISPOSITION

The August 29, 2019 order denying the petition brought pursuant to Health and Safety Code section 11361.8 is affirmed.

---

[3] The California Supreme Court is considering that question in *Raybon*, S256978.

4

_____
                             Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Elia, J.

**H047466**
*People v. Garcia*